CTC
7319
$#

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) Magistrate Docket No. '21 MJ04877 |
| Plaintiff, | ) |
| v. | ) **COMPLAINT FOR VIOLATION OF:** |
| | ) Title 8, USC 1324(a)(1)(A)(ii) |
| | ) Transportation of Illegal Aliens |
| Alexis SALAZAR-Trujillo, | ) Title 18, U.S.C., Sec. 922(g)(5)(A) |
| | ) Possession of a Firearm by an |
| | ) Illegal Alien |
| | ) (Felony) |
| Defendants. | ) |

The undersigned complainant being, duly sworn, states:

Count One

On or about December 15, 2021, within the Southern District of California, defendant Alexis SALAZAR-Trujillo with the intent to violate the immigration laws of the United States, knowing or in reckless disregard of the fact that certain aliens, namely, Abraham LOPEZ-Martinez, L.Q.R, and Maria RUIZ-Ruiz, had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in the furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

Count Two

On or about December 15, 2021, within the Southern District of California, defendant Alexis SALAZAR-Trujillo, knowing his status as an alien, illegally and unlawfully in the United States, did knowingly and unlawfully possess, in and affecting commerce, a firearm to wit: Walther 9mm PPQ semi-automatic pistol, with an obliterated serial number, in violation of Title 18, United States Code, Section 922 (g)(5)(A).

And the complainant further states that this complaint is based on the attached probable cause statement, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Jon Bowen
Border Patrol Agent

SWORN AND ATTESTED TO UNDER OATH BY TELEPHONE, IN ACCORDANCE WITH FEDERAL RULE OF CRIMINAL PROCEDURE 4.1, ON DECEMBER 16, 2021.

_____
HON. BARBARA L. MAJOR
United States Magistrate Judge

CONTINUATION OF COMPLAINT:
Alexis SALAZAR-Trujillio

PROBABLE CAUSE STATEMENT

The complainant states that Abraham LOPEZ-Martinez, L.Q.R. (Juvenile), and Maria RUIZ-Ruiz are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On December 15, 2021, Border Patrol Agent C. Anderson, D. Phantong, J. Lopez and M. Gonzalez were performing their assigned duties within the Boulevard Border Patrol Station's area of responsibility. Agent Anderson was in full rough duty uniform and was driving a marked Border Patrol vehicle. Agent Phantong, Lopez, and Gonzalez were patrolling in unmarked government vehicles.

At approximately 9:00 AM, Agent Anderson was observing traffic along Old Highway 80 to the west of Jacumba Hot Springs when he observed a blue Hyundai Sonata traveling east on Old Highway 80. Agent Anderson noticed the paper plate on the vehicle. Paper plates are temporary registrations for newly purchased or transferred vehicles before the permanent plate is placed on the vehicle. Later, Agent Anderson saw the same Sonata pulled over to the side of the road near an area known to Border Patrol agents as "Jim Holes." Agent Anderson observed the driver of the Sonata, later identified as the defendant, Alexis SALAZAR-Trujillio, quickly pull back onto the highway and travel westbound. Agent Anderson performed records checks on the vehicle through dispatch which returned the vehicle was registered out of Fresno, California.

Agent Anderson activated his emergency lights and siren and performed a vehicle stop. SALAZAR continued to drive erratically pulling off and onto the road several times. Agent Phantong also had his emergency lights and siren activated. Agent Phantong pulled up to the side of the Sonata to look inside of the vehicle. SALAZAR veered the Sonata toward Agent Phantong's vehicle several times, causing Agent Phantong to swerve to avoid contact. SALAZAR stopped his vehicle and Agent Anderson approached with his weapon drawn and pointed at the vehicle. Agent Anderson identified himself as a Border Patrol Agent and ordered SALAZAR to put the vehicle into park. Agent Anderson gave commands instructing SALAZAR to exit the vehicle. SALAZAR did not comply and stayed in the vehicle, yelling at Agent Anderson. Agent Anderson again ordered SALAZAR to exit the vehicle, SALAZAR again refused. Agent Anderson then holstered his weapon and grabbed SALAZAR by the hand

CONTINUATION OF COMPLAINT:
Alexis SALAZAR-Trujillio

to pull him out of the vehicle. SALAZAR pulled back away from Agent Anderson and withdrew further into the vehicle. Agent Anderson drew his Oleoresin Capsicum aerosol spray from its pouch and told SALAZAR that if he did not get out, he would be sprayed. SALAZAR exited the vehicle. Agent Anderson put his spray back into the pouch and took SALAZAR by the arm to try and assist him to the ground to place him into handcuffs. SALAZAR would not allow Agent Anderson to guide him to the ground. At that time Agent Anderson tried several times to take SALAZAR to the ground while simultaneously attempting to relay via service radio that he needed backup. Agent Anderson did not realize at the time that his hand-held radio was on a different frequency. Agent Anderson and SALAZAR were wrestling as Agents J. Lopez and M. Gonzalez arrived on scene. With the agents' help, Agent Anderson was able to get SALAZAR to the ground and place him into handcuffs. Once SALAZAR was secured, Agent Gonzalez performed an immigration inspection on the three passengers, later identified as material witnesses, Abraham LOPEZ-Martinez, L.Q.R., and Maria RUIZ-Ruiz. All three individuals stated that they are citizens of Mexico, without any documents that would allow them to enter or remain in the United States legally. At approximately 9:17 AM, Agent Gonzalez placed LOPEZ, L.Q.R., and RUIZ under arrest. At approximately 9:17 AM, Agent Anderson placed SALAZAR under arrest.

During a search of the vehicle post arrest, Agent Lopez informed the other Agents that he located a black magazine loader for a semi-automatic pistol in the vehicle in the glove box of the Sonata. After further searching the vehicle, Agent Lopez was able to locate a black case for a Walther Semi-Automatic pistol, with a loaded 9mm, 15-round magazine located in the case. Agents at the stop believed that SALAZAR may have had a pistol on him and may have thrown it out of the window while he was driving down the side of the road. Agent Phantong located a tan Walther 9mm PPQ semi-automatic pistol, with an obliterated serial number, laying in the grass just off the road approximately 10 yards from where SALAZAR had stopped the vehicle. Agent Lopez photographed the location of where the pistol was located, then secured the pistol and unloaded it. The pistol had a loaded 15-round magazine.

The firearm was seized and examined. The firearm was determined to have not been made in California. Therefore, the firearm traveled in interstate or international trade to reach California.

Material witnesses L.Q.R., and Maria RUIZ-Ruiz were interviewed together because L.Q.R. is a juvenile and his mother's native language is Mixteco. L.Q.R. was willing to translate for his mother. L.Q.R. was interviewed with his mother and at the same time translated the interview to

CONTINUATION OF COMPLAINT:
Alexis SALAZAR-Trujillio

his mother in her native language. L.Q.R. provided answers in the Spanish language.

Material witnesses Abraham LOPEZ-Martinez, L.Q.R., and Maria RUIZ-Ruiz stated they are Mexican citizens. When questioned on whether LOPEZ, L.Q.R., and RUIZ had any documents allowing them to enter or remain in the United States legally, LOPEZ, L.Q.R., and RUIZ replied, "no." LOPEZ stated he was apprehended along with two other individuals. LOPEZ stated he was guided into the United States and guided to the location of the vehicle. LOPEZ stated his destination was Sacramento, California. L.Q.R., and RUIZ stated their destination was New Jersey. LOPEZ stated a family made the smuggling arrangements prior to crossing into the United States. LOPEZ, L.Q.R., and RUIZ stated they were going to pay approximately $7,000 to $8,500 USD if successfully smuggled into the United States.

LOPEZ, L.Q.R., and RUIZ stated they were guided into the United States via cellular phone. LOPEZ, L.Q.R., and RUIZ stated once at the pick-up location all were instructed via cellular phone to get inside the vehicle. LOPEZ stated all three entered and sat in the back seat of the vehicle but the driver then told LOPEZ to sit in the front passenger seat so the back of the vehicle wouldn't be weighed down. L.Q.R. stated the other subject jumped from the back seat onto the front passenger side as they drove. LOPEZ stated that the driver saw a Border Patrol agent and began driving slower. LOPEZ stated that the driver told LOPEZ that he had a gun. LOPEZ stated he became fearful because he was not sure why the driver made that comment. LOPEZ stated that the driver then instructed him to grab the gun, open the door, and throw the gun outside the vehicle. LOPEZ stated he did so because he was scared. LOPEZ stated shortly after, Border Patrol Agents approached the vehicle and removed the driver from the car. LOPEZ stated he did not see anything much past that because he was in the front seat. L.Q.R. said that he believed they were in the vehicle approximately 10 minutes when the Police tried to pull them over. L.Q.R. stated they believed the driver was bad and RUIZ stated that she thought she was going to die. L.Q.R. stated he witnessed the driver give the gun to the front passenger and told him, "tiralo rapido," which translates to "throw it quickly." L.Q.R. stated he could tell the passenger was also scared. L.Q.R. stated he did not see a fight, but he did witness the officer try to pull the driver out of the vehicle because he was refusing his orders. LOPEZ was shown a Photographic Lineup and was able to positively identify SALAZAR as the driver of the vehicle.